## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| URIEL SANCHEZ CALZADA, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:26-cv-00897 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM ORDER

Pending before the Court is Petitioner Uriel Sanchez Calzada's Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition" or "Pet."). Petitioner, a citizen of Mexico, currently is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. Pet. ¶ 51. He entered the United States without inspection in 2004, and has continuously resided in the United States since his entry—now over 20 years. Id. ¶¶ 46, 47. There is no indication that Petitioner has any criminal history. Id. ¶ 50.

Count One of the Petition asserts that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to an individualized custody redetermination hearing. The Court agrees that § 1226 applies to noncitizens who are "already present in the United States[,]" Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. Bethancourt Soto v. Soto, 807 F. Supp. 3d 397, 408 (D.N.J. 2025). Accordingly, the Court joins the United States Courts of Appeals for the Sixth Circuit in Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), the Eleventh Circuit in Hernandez Alvarez v. Warden, Fed. Det. Ctr.

Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), the Second Circuit in

Barbosa da Cunha v. Freden, 175 F. 4th 61 (2d Cir. 2026) and the overwhelming majority of

district courts in holding that § 1226(a), rather than the mandatory detention provision of

§ 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a

port of entry but rather are already present in the country.  The Court disagrees with the decisions

of the United States Courts of Appeals for the Fifth Circuit in Buenrostro-Mendez v. Bondi, 166

F. 4th 494 (5th Cir. 2026) and the Eighth Circuit in Avila v. Bondi, 170 F. 4th 1128 (8th Cir.

2026).  For the reasons set forth herein and in the aforementioned cases, Petitioner's detention is

governed by § 1226(a), and the Court holds that he has a statutory right to an individualized bond

hearing.

**AND NOW**, this 1st day of June, 2026, **IT IS HEREBY ORDERED** that Petitioner's

Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART** and **DENIED IN PART**.

The Petition is **GRANTED** to the extent that it requests a bond hearing in accordance with 8

U.S.C. § 1226(a) and all related provisions of law.  Respondents are **ORDERED** to provide

Petitioner with such a hearing, or release him, on or before June 8, 2026.  On or before June 9,

2026, Respondents shall provide notice to the Court confirming that Petitioner received a

compliant bond hearing and apprising the Court of the bond hearing's outcome.  The petition is

**DENIED** to the extent it requests any additional relief.  **IT IS FURTHER ORDERED** that any

motion for fees or costs shall be submitted on or before June 15, 2026, with responses, if any,

due 14 days following that motion.

2

June 1, 2026                                    s/Cathy Bissoon
                                               Cathy Bissoon
                                               Chief United States District Judge


cc (via ECF email notification):

        All Counsel of Record